FILED'08 NOV 24 11:27 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BERNARDA SILVA SIERRA, Personal
Representative of the Estate of
GERARDO ALCANTARA HERNANDEZ,

        Plaintiff,

  v.

LINCOLN FAMILY MEDICINE, an
Assumed Business Name, BENTON
COUNTY HEALTH DEPARTMENT, and
UNITED STATES OF AMERICA,

        Defendants.

Civ. No. 08-6165-AA
OPINION AND ORDER

Bruce L. Mowery
Attorney at Law
280 Liberty St, SE, Suite 206
Salem, OR 97301
    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
Britannia I. Hobbs
Assistant United States Attorney
Portland, OR 97204-2904
Katherine C. Lorenz
Special Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
    Attorneys for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings suit against three defendants in a medical malpractice action. Plaintiff alleges subject matter jurisdiction through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Defendants Benton County Health Department ("Benton") and Lincoln Family Medicine/Lincoln Health Center ("Lincoln) move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) on the grounds that there is no subject matter jurisdiction and plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The defendants assert that plaintiff's exclusive remedy is against co-defendant United States of America. The motion to dismiss is denied.

## BACKGROUND

Gerardo Alacantara Hernandez suffered from cancer for an unknown period of years until he succumbed to it on October 23, 2006. Hernandez was provided medical care by defendants Benton and Lincoln. In 2006, prior to his death, Hernandez filed a malpractice claim against Benton. During the course of pleadings, it was discovered that Benton was covered by the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), 28 U.S.C. §§ 2671-80, as of December 24, 2004. The malpractice alleged in the complaint would have taken place after the Act's effective date. As a result, the District of Oregon United States Attorney certified on October 27, 2006, that the United States

2   - OPINION AND ORDER

should be substituted as the sole defendant, under the FTCA, and the case was dismissed without prejudice.

After Hernandez died, the Personal Representative of Hernandez's Estate, Bernarda Silva Sierra, filed the lawsuit at bar against defendants Benton, Lincoln, and the United States of America. Plaintiff alleges that Benton and Lincoln acted "within the scope of [their] defined employment as employees of the United States of America at the time of the alleged malpractice." Complaint ¶ 4. Plaintiff's time line here is longer than in the original lawsuit, alleging malpractice beginning "during an approximate three year period" prior to Hernandez's death, which places the start date sometime in 2003 or early 2004. Id. at ¶ 8. Plaintiff also alleges that throughout the three year period, Benton and Lincoln were agents of the United States of America, covered by the FSHCAA, and that the FTCA applies as a result. Id. at ¶ 7.

## STANDARDS

### A. Rule 12(b)(1) Motion

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on a lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look at facts beyond the immediate scope of the

3   - OPINION AND ORDER

complaint. Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). The burden is on the plaintiff to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). At the pleading stage, this burden must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2000); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting

4   - OPINION AND ORDER

federal jurisdiction. See Watson v. Chessman, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also Tosco Corp., 236 F.3d at 499; Century Southwest Cable Television, Inc. v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994).

B. Rule 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on a failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Lee v. County of Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001). In addition, the Court generally may not consider matters outside of the complaint in ruling on a motion to dismiss. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); see Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (excluding material outside the pleadings on a Rule 12(b)(6)); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990)("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

5   - OPINION AND ORDER

---
## DISCUSSION

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). "In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal[]question cases [and] civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331." Exxon, 545 U.S. at 552.

As a preliminary matter, the FTCA is a law of the United States as it resides in the United States Code. See 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680. Under the FTCA, "the district courts [...] shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages [...] for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Plaintiff pleaded federal question jurisdiction under the FTCA

and defendant United States does not contest that the court retains federal question jurisdiction over claims against it. Therefore, there is at least one claim over which the court has established jurisdiction.

A.  Rule 12(b)(1) Motion

Although it is not explicit in the text of defendants' Rule 12(b)(1) motion to dismiss, it appears that Benton and Lincoln submit a facial challenge to the existence of subject matter jurisdiction; they dispute no facts in the complaint. Assuming that the material allegations in the complaint are true, the court must decide whether the lack of federal jurisdiction appears on the face of the complaint. Miranda, 238 F.3d at 1157 n. 1. Therefore, the court must first examine the role of the FTCA, as it is listed in plaintiff's complaint as the basis for subject matter jurisdiction. Amnd. Complaint. ¶ 5. Plaintiff also alleges that the FTCA applies to Benton and Lincoln through the FSHCAA. Id. at ¶ 7.

The FSHCAA provides that health care providers and their employees may be deemed Public Health Service employees for certain purposes, including the "subrogation of medical malpractice claims." 42 U.S.C. §§ 233(g)-(h). If an entity has been deemed a Public Health Service employee, then a plaintiff's exclusive remedy for medical malpractice is against the United States under the FTCA. 42 U.S.C. §§ 233(a) and (g). Again, assuming that

7   - OPINION AND ORDER

plaintiff's material allegations are true, Benton and Lincoln were deemed Public Health Service employees. As such, plaintiff could not recover against Benton and Lincoln, because its exclusive remedy under the FTCA is against the United States. Aside from the FTCA, there is no alternate federal question jurisdiction pleaded that applies to Benton and Lincoln. Plaintiff does not properly plead federal question jurisdiction over defendants Benton and Lincoln.

### B. Rule 12(b)(6) Motion

As the court may not consider material outside of the pleadings and the allegations of the complaint must be taken as true in a Rule 12(b)(6) motion, the analysis here is nearly identical to the previous section. Plaintiff alleges the court has jurisdiction over Benton and Lincoln pursuant to the FTCA. Complaint ¶ 5. Plaintiff alleges that Benton and Lincoln are covered by the FSHCAA. Id. at ¶ 8. Taken as true, plaintiff could not recover from Benton and Lincoln as plaintiff's exclusive remedy under the FTCA is against the United States. See 42 U.S.C. §§ 233(a) and (g). Accordingly, plaintiff has not properly pleaded a claim upon which relief can be granted against defendants Benton and Lincoln.

### C. Supplemental Jurisdiction

Despite plaintiff's insufficient pleadings, the court retains the power to "exercise supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Although the district courts may not exercise jurisdiction absent a statutory basis, it is well established -in certain classes of cases- that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Exxon, 545 U.S. at 552. The Supreme Court further explained:

> The leading modern case for this principle is Mine Workers v. Gibbs, 383 U.S. 715 (1966). In Gibbs, the plaintiff alleged the defendant's conduct violated both federal and state law. The District Court, Gibbs held, had original jurisdiction over the action based on the federal claims. Gibbs confirmed that the District Court had the additional power (though not the obligation) to exercise supplemental jurisdiction over related state claims that arose from the same Article III case or controversy. Id. at 725 ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court.... [A]ssuming substantiality of the federal issues, there is power in federal courts to hear the whole").

Exxon, 545 U.S. at 552 (internal citations omitted). Here, the situation is similar to that in Gibbs because the defendants' conduct, as alleged, would violate both federal and state law.

In its opposition, the United States points out that the approximate three year period covering Lincoln and Benton's alleged negligence began sometime in 2003 or early 2004, about a year before the date those parties obtained coverage under the FSHCAA.

9   - OPINION AND ORDER

The United States argues that in a prior action brought by Hernandez against Benton, it was discovered that Benton's FSHCAA coverage began on December 24, 2004. As a result, plaintiff's complaint pleads approximately one year of negligence over which this court does not have federal question jurisdiction. Plaintiff has technically pleaded a year of state law claims in its complaint, as FSHCAA coverage does not retroactively include acts that occurred before the first day of coverage. See 42 C.F.R. § 6.5 ("[e]ligible entities will be covered by this part only on and after the effective date of a determination by the Secretary that they meet the requirements of section 224(h) of the [FSHCAA]."); see also Metcalf v. W. Suburban Hosp. et al., 912 F.Supp.382 (N.D. Ill. 1996)(coverage under the Federal Torts Claim Act did not apply retroactively to the alleged negligent care of a patient prior to effective date of eligibility for funding under Public Health Service Act); Miller v. Toatley, 137 F.Supp.2d 724 (W.D. La. 2000)(FTCA coverage pursuant to the FSHCAA does not apply retroactively).

However, the United States is persuasive in its arguments that the parties should conduct discovery to find out exactly where, on the three year time line, any negligence took place. The United States asserts that discovery could reveal additional medical providers and potential independent contractors not covered by FSHCAA who also provided care for Hernandez.

As the court has established jurisdiction over claims against the United States, under the FSHCAA and the FTCA, and the plaintiff's complaint contains additional claims that are part of the same case or controversy, the court elects to exercise supplemental jurisdiction over the pre-December 24, 2004 claims against Benton and Lincoln. See 28 U.S.C. § 1346(a). If, after discovery, evidence fails to support that Benton and Lincoln were negligent prior to December 24, 2004, the defendants may renew their motion in the form of a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 56.

## CONCLUSION

Defendants Benton and Lincoln's motion to dismiss (doc. 11) is denied.

IT IS SO ORDERED.

Dated this 21 day of November 2008.

*[signature]*

Ann Aiken
United States District Judge

11   - OPINION AND ORDER